IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| MARK A. GRIFFITH and | * CHAPTER 7 |
| CHRISTINE J. GRIFFITH, | * |
| Debtors | * |
| | * CASE NO. 1:13-bk-04362MDF |
| SANDRA COUCH, as Executrix of the | * |
| Estate of Earl M. Dunkle, | * |
| Plaintiff | * |
| | * |
| v. | * ADV. NO. 1:13-ap-00281MDF |
| | * |
| MARK A. GRIFFITH and | * |
| CHRISTINE J. GRIFFITH, | * |
| Defendants | * |

## OPINION

### I. Procedural and Factual History

On November 22, 2013, Sandra Couch ("Couch") in her capacity as Executrix of the Estate of Earl M. Dunkle ("Dunkle") filed the above-captioned complaint. Couch is not an attorney licensed to practice law in Pennsylvania and has not alleged that she is Dunkle's sole heir. Her complaint consisted of eighty-two numbered paragraphs on nineteen pages, accompanied by several pages of exhibits. The body of the complaint refers to the Bankruptcy Code only at 11 U.S.C. §§ 523(a)(4) and 727. However, the cover sheet filed with the complaint, alleges several causes of action, including an objection to discharge under 11 U.S.C. § 727(c), (d), and (e) and objections to the dischargeability of the Dunkle Estate claims under § 523(a)(2), (4), and (6).[1]

---

[1] The cover sheet also indicates that she seeks "revocation of confirmation" under Fed. R. Bankr. P. 7001(5). "Revocation of confirmation" refers to the confirmation of a Chapter 13 plan. This cause of action is inapplicable to Debtors' case as it is filed under Chapter 7, not Chapter 13.

On December 26, 2013, Mark A. Griffith and Christine J. Griffith ("Debtors") filed the motion that is now before me seeking to dismiss Couch's complaint for, among other reasons, failure to state a claim on which relief could be granted. *See* Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012. It is not necessary for me to address the merits of Debtors' motion, however, because, as a preliminary matter, Couch is not authorized to file the complaint pro se as Executrix of the Dunkle Estate.

## II. Discussion

"It is well settled that with a few exceptions, non-attorneys may not represent parties before the Pennsylvania courts and most administrative agencies." *In re Estate of Rowley*, ___ A.3d ___, 2013 WL 6795208, *2 (Pa. Cmwlth. December 23, 2013) (citing *Spirit of the Avenger Ministries v. Commonwealth,* 767 A.2d 1130 (Pa. Cmwlth. 2001). In *Estate of Rowley*, the administrator of a decedent's estate filed a petition to vacate a judicial tax sale in the Court of Common Pleas of Westmoreland County, Pennsylvania. The local tax claim bureau moved to dismiss the petition, arguing that the administrator was engaging in the unauthorized practice of law by representing the estate in the administrative proceeding. The trial court granted the motion, but provided that the petition would not be dismissed if the administrator obtained counsel. On appeal, the Commonwealth Court affirmed the trial court's decision. The Commonwealth Court relied on the decision of the District Court of the Middle District of Pennsylvania in *Williams v. USP-Lewisburg*, No. 3:CV-09-1715, 2009 WL 4921316 (M.D. Pa. Dec. 11, 2009) *aff'd sub nom. Williams ex rel. Faison v. U.S. Penitentiary Lewisburg, Pa*, 377 F. App'x 255 (3d Cir. 2010), which found that the representative of a decedent's estate cannot proceed in court without an attorney. The District Court observed in *Williams* that while a party

2

"may represent his or her own interests in federal court," "non-attorneys cannot litigate the rights of others." *Williams*, 2009 WL 4921316, at *2 (citing *Collinsgru v. Palmyra Board Of Education,* 161 F.3d 225, 232 (3d Cir. 1998); *Osei-Afriye v. Medical College of Pa.,* 937 F.2d 876, 883 (3d Cir. 1991)).

Accordingly, I conclude that Couch may not represent the Dunkle Estate before this Court. I note, however, that the deadline for filing objections to the Debtors' discharge and dischargeability passed on November 30, 2013. Therefore, the Dunkle Estate would be barred from pursuing its claims if the within complaint is dismissed. To avoid imposing this severe penalty, the complaint will not be dismissed if an attorney admitted to practice as provided in Local Bankruptcy Rule 2090-1 enters an appearance in this adversary proceeding within thirty (30) days of the date of the Order accompanying this Opinion. Otherwise, the complaint will be dismissed. If an attorney enters a timely appearance on behalf of Couch as Executrix of the Estate of Earl M. Dunkle, the attorney is granted leave to file an amended complaint within thirty (30) days of the date of his or her entry of appearance.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: January 31, 2014