IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| MARK A. GRIFFITH and | * | |
| CHRISTINE J. GRIFFITH, | * | |
|     Debtors | * | CASE NO: 1:13-bk-04362 MDF |
| | * | |
| SANDRA COUCH, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO: 1:13-ap-00281 MDF |
| | * | |
| MARK A. GRIFFITH, | * | |
|     Defendant | * | |
| | * | |

## OPINION

### I. Background

Before the Court is a motion filed by Mark A. Griffith ("Griffith") to dismiss the amended complaint (the "Complaint") filed by Sandra Couch ("Couch") seeking an exception to discharge for a $121,000 judgment entered against Griffith in favor of the Estate of Earl M. Dunkle ("Dunkle"). Couch is the Executrix of the Dunkle Estate.[1] For the reasons that follow, the motion to dismiss will be granted, but Couch will be granted leave to amend the Complaint.[2]

---

[1] The original complaint was filed against both debtors. On May 8, 2014, Couch filed a motion to withdraw the Complaint as against Christine J. Griffith. Withdrawal was approved by Order dated June 20, 2014.

[2] Couch initiated the above-captioned adversary action by filing a pro-se complaint on November 22, 2013. By Order of January 31, 2014, that complaint was dismissed with leave to amend. The Amended Complaint that was subsequently filed is the subject of the instant Opinion. If a new amendment is filed, it will be Couch's third "bite at the apple." She will not be permitted a fourth.

Couch alleges in the Complaint that prior to his death on July 19, 2010, Dunkle transferred $121,000 in cash to Griffith, who had offered to keep the funds in his safe and to return the funds upon request. Dunkle did not ask Griffith to return the funds before his death, but a provision in his will directed that the funds be returned for distribution to his beneficiaries. Griffith did not return the funds, or any part of the funds to the Dunkle Estate before he filed his petition in bankruptcy. The Complaint further alleges that after Dunkle's death, Couch initiated a proceeding in the Orphan's Court Division of the Court of Common Pleas of Huntingdon County, Pennsylvania to recover the funds. The state court issued a judgment in favor of the Dunkle Estate and against Griffith in the amount of $121,000. In the judgment, the court found that Griffith breached a "fiduciary duty" to Dunkle by failing to return the funds entrusted to him. The Complaint further alleges that instead of safeguarding the funds, Griffith spent Dunkle's funds on himself and his friends.

Griffith filed his bankruptcy petition on August 26, 2013 and listed the Estate of Earl M. Dunkle as an unsecured creditor holding a judgment debt in the amount of $121,000. Couch filed this adversary proceeding on November 22, 2013. On April 24, 2014, Griffith filed the motion that is the subject of this Opinion. In the motion he argues that Couch failed to properly serve the Complaint and summons, failed to plead fraud with sufficient specificity, and under Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), failed to state a claim on which relief can be granted. The parties have filed briefs on the motion as required by local rule, and the matter is ready for decision.[3]

---

[3]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

## II. Discussion

*A. Sufficiency of service of process*

Griffith argues that the case should be dismissed because he was never properly served with the Amended Complaint and summons. I disagree. The docket indicates that proper service of the *original* Complaint and summons was made on Griffith in this case. Couch's certificate of service (Doc. #5) states that on December 5, 2013, she served the original complaint and summons by first class mail on Griffith's counsel of record in the adversary case, Ray Allan Ghaner, Esquire. Bankruptcy Rule 7004(b) allows for service by first class mail, and paragraph (b)(8) specifies that service may be made on a defendant by mailing a copy of the summons and complaint to any agent of the defendant authorized by law to receive service of process. Fed. R. Bankr. P. 7004(b).

Personal jurisdiction was obtained over Griffith through proper service of the original complaint on Griffith's counsel. Fed. R. Bankr. P. 7005. *See Bayou Louie Farm, Inc. v. Heigle (In re Heigle)*, 401 B.R. 752, 765 (Bankr. S.D. Miss. 2008) (citing cases). Therefore, the motion to dismiss for a lack of proper service is denied.

*B. Requirements for pleading fraud*

Griffith also moves to dismiss the Complaint for failure to properly plead fraud under Fed. R. Civ. P. 9(b). Rule 9(b) "requires a plaintiff to plead with particularity 'the circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *In re International Auction and Appraisal Services LLC*, 493 B.R. 460, 467, n.5 (Bankr. M.D. Pa. 2013) (quoting *Seville Indus. Mach. Corp. v. Southmost*

*Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984)). A plaintiff may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into [her] allegations of fraud." *Id.* "Even though Rule 9 mandates the pleading of fraud claims with precision in corporate fraud cases, 'courts have relaxed the rule when factual information is peculiarly within defendant's knowledge or control.'" *In re Norvergence, Inc.* 405 B.R. 709, 726 (Bankr. D.N.J. 2009) (quoting *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989)). " [It]is also customary in the context of bankruptcy to interpret Rule 9 liberally, particularly when . . . a third party outsider to the fraudulent transaction is bringing the action." *In re Norvergence*, 405 B.R. at 726 (citing *In re MacGregor Sporting Goods, Inc.,* 199 B.R. 502, 514–15 (Bankr. D.N.J. 1995); *In re O.P.M. Leasing Serv., Inc.,* 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983)). The *Norvergence* court regarded a Chapter 7 trustee as the type of "third party outsider" for whom the rule should be liberally interpreted. As the Executrix of the Dunkle Estate, Couch should be afforded similar leeway in pleading fraud.

One count of the Complaint is brought under 11 U.S.C. § 523(a)(2)(A) and a second count is brought under 11 U.S.C. § 523(a)(4). Both provisions require proof of actual fraud by the debtor. *See In re Adalian*, 481 B.R. 290 (Bankr. M.D. Pa. 2012) (discussing § 523(a)(2)(A)) and *In re Geiger*, 446 B.R. 670 (Bankr. E.D. Pa. 2010) (discussing § 523(a)(4)). Although Rule 9 will be applied more liberally in this case, Couch must allege sufficient facts, which if proven at trial, would establish grounds for an exception to discharge under § 523(a)(2)(A) or (a)(4). The elements of a cause of action under each of these provisions is discussed below.

4

*C. Motion to dismiss under Fed. R. Civ. P. 12(b)(6)*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is made applicable to adversarial proceedings in bankruptcy through Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Following the *Twombly* and *Ashcroft* rulings, the Court of Appeals for the Third Circuit, in *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009), established a two-part inquiry to be followed when deciding a motion to dismiss under Rule 12(b)(6). First, a court must separate all factual and legal elements of the claim, treating all facts alleged in the complaint as true. *Fowler,* 578 F.3d at 210. Second, a court must look to facts alone to determine whether the allegations give rise to a plausible claim for relief. *Id.* at 210-11. The Court of Appeals noted that, ultimately, a complaint must do more than merely allege an entitlement to relief. *Id.* at 211. It must plead facts sufficient to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555. This determination is context-specific and requires the "court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 664. I will apply these standards of review to the allegations in the Complaint.[4]

---

[4] A motion to dismiss may be treated as a motion for summary judgment if "matters outside the pleadings" are considered by the court. *Kloss v. RBS Citizens, N.A.*, Case No. 13-12833, 2014 WL 495408, *3 (E.D. Mich. February 6, 2014) (citing *In re Christensen*, 148 B.R. 601, 603 (Bankr. D. Idaho 1992)). However, documents referred to in the complaint and central to the claims are deemed to form part of the pleadings. *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999) (citations omitted). Furthermore, a court "may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). In the matter before me, the following documents were docketed as part of the

*D. Elements of proof required by §523(a)(2)(A)*

"In order to succeed in a § 523(a)(2)(A) action, a creditor must prove each of the following five common law elements of fraud: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation." *In re Quibell*, Bankr. No. 1:10-bk-05863MDF, Adv. No. 1:10-ap-00337MDF, 2012 WL 1144422, *4 (Bankr. M.D. Pa. April 4, 2012) (citing *Rembert v. AT & T Universal Card Services, Inc. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998); *In re Ritter,* 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009); *In re Negley,* Bankr. No. 1-07-bk-03113MDF, Adv. No. 1-08-ap-00045, 2008 WL 5158573 (Bankr. M.D. Pa. August 15, 2008)).

The false pretense or misrepresentation upon which the creditor relied must have been both material and made with the intent to deceive the party to whom it was directed. *See Field v. Mans,* 516 U.S. 59, 68 (1995). "A 'false pretense' is an implied misrepresentation or conduct which creates and fosters a false impression, as distinguished from a 'false representation' which

---

Complaint: (1) a partial transcript of a state court civil proceeding in which Couch petitioned the court to order an accounting of the funds from Griffith; (2) an Order of the state court recording the settlement of that proceeding; and (3) Dunkle's probated will. Each of these documents is a matter of public record in Pennsylvania. *See Stenger v. Lehigh Valley Hosp. Center*, 382 Pa. Super. 75, 88, 554 A.2d 954, 960 (1989) ("long-standing presumption" in the common law of Pennsylvania that public has right to view transcripts of civil proceedings, as well as pleadings and settlement agreements.) *See also* 20 Pa. C.S.A. § 923 (requiring Register of Wills to provide certified copies of probated wills "upon the request of any person paying the fee therefor.") Consequently, this matter need not be treated as a motion for summary judgment.

is an express misrepresentation." *In re Antonious*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006) (quoting *In re Haining,* 119 B.R. 460, 463-64 (Bankr. D. Del. 1990)). "It has also been defined as any series of events that create a contrived and misleading understanding of a transaction, in which a creditor is wrongly induced to extend money or property to the debtor." *In re Antonious*, 358 B.R. at 182 (citation omitted). A false pretense is "fostered willfully, knowingly, and by design; it is not the result of inadvertence." *Id.*

In the Complaint, Couch alleges that Griffith made a representation to Dunkle that he would store Dunkle's life savings of $121,000 in a safe and return the funds when requested. When asked to return the funds after Dunkle's death, Couch asserts that Griffith was unable to do so because he had "improperly dissipated those funds on personal purchases and expenses, made other improper payments to himself, friends, acquaintances; and failed to keep, preserve and return said funds in the fiduciary capacity to which he was entrusted." Complaint, ¶ 18. Even if this allegation is true, Couch has failed to allege that Griffith's action were fraudulent. To maintain an action under § 523(a)(2)(A), a plaintiff must prove that the debtor intended to deceive the other party when the representation was made. Thus, under the standards of pleading set forth in *Iqbal* and *Twombly,* the allegations of the Complaint are not sufficient to withstand a motion to dismiss. Therefore, the motion to dismiss Count I will be granted. However, "when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend 'unless such an amendment would be inequitable or futile.'" *Slobodian v. U.S. ex rel. I.R.S.*, Civil No. 1:13-cv-2677, 2014 WL 2041815, *5 (M.D. Pa. May 12, 2014)) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)). At this juncture, it would not be inequitable, and it does not appear that it would be

futile, to permit Couch to amend the Complaint to properly plead fraud and facts sufficient to make out a case for excepting the judgment from discharge under § 523(a)(2)(A). Therefore, such leave will be granted in the Order that accompanies this Opinion.

*E. Elements of proof required by §523(a)(4)*

Section 523(a)(4) provides that a debtor will be denied a discharge for a debt that is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). "This section addresses fraud or defalcation by a fiduciary and embezzlement or larceny while not acting as a fiduciary." *In re Meyers*, Bankr. No. 1:09-bk-09310MDF, Adv. No. 1:10-ap-00223MDF, 2010 WL 5475650, *4 (Bankr. M.D. Pa. December 29, 2010) (citing *In re Napoli,* 82 B.R. 378 (Bankr. E.D. Pa. 1988) (other citations omitted)).

*1. Fraud or defalcation while acting in a fiduciary capacity*

Couch asserts that Griffith was a fiduciary who committed fraud or defalcation with regard to the $121,000 that Dunkle entrusted to him. Whether a party is acting in a "fiduciary capacity" is a question of federal law. *LSP Invest. P'ship v. Bennett (In re Bennett)*, 989 F.2d 779, 784 (5th Cir.), cert. denied, 510 U.S. 1011 (1993). "The traditional definition of fiduciary, involving a person who stands in a special relationship of trust, confidence, and good faith, is 'far too broad for the purposes of bankruptcy law.'" *Windsor v. Librandi (In re Librandi)*, 183 B.R. 379, 382 (M.D. Pa. 1995) (quoting *Matter of Rausch*, 49 B.R. 562, 564 (Bankr. D.N.J. 1985). Rather, an express or technical trust must be found for a fiduciary relationship to exist under § 523(a)(4). *Id.* This requirement encompasses a trust created by a formal trust agreement as well as "trust-type obligations . . . imposed pursuant to statute or common law." *Bennett,* 989 F.2d at 784-85.

8

In the matter before me, although Couch cites the "fiduciary" language of § 523(a)(4), there are no allegations asserting the creation of an express or technical trust. Thus, the motion to dismiss will be granted to the extent that the Complaint relies on the "fiduciary" language of § 523(a)(4), but with leave to amend the Complaint to assert the necessary facts required to establish a fiduciary relationship (if applicable) for purposes of § 523(a)(4).

*2. Embezzlement or larceny*

"Both embezzlement and larceny, as used in section 523(a)(4), are to be determined with reference to federal common law." *In re Truch*, 508 B.R. 616, 623 (Bankr. D.N.J. 2014) (citing *In re Steele,* No. 04-1459DWS, 04-0731, 2005 WL 281154, at *3 (Bankr. E.D. Pa. January 28, 2005); *In re Jardula,* 122 B.R. 649 (Bankr. E.D.N.Y. 1990)). Embezzlement is the "fraudulent appropriation of property by a person when such property has been entrusted [to him], or into whose hands it has lawfully come." *In re Crawford*, 476 B.R. 890, 897 (Bankr. W.D. Pa. 2012) (quoting *Elliott v. Kiesewetter (In re Kiesewetter),* 391 B.R. 740, 748 (Bankr. W.D. Pa. 2008); *Nelson v. Ishmael (In re Ishmael),* Adv. No. 07–287, 2008 WL 80040, *6 (Bankr. E.D. Pa. Jan. 7, 2008)).[5]

"To prove embezzlement, the creditor must show that the debtor appropriated lawfully received funds for his own benefit and did so with fraudulent intent or deceit." *Truch*, 508 B.R. at 623 (citation omitted). Again, the Complaint is silent as to Griffith's intent at the time he

---

[5] "Larceny differs [from embezzlement] in that it requires the initial appropriation to be wrongful." *In re Crawford,* 476 B.R. at 898. In the matter before me, Couch does not allege that the initial appropriation was "wrongful" in the sense that it was without the consent of Dunkle. Rather, she expressly alleges that the transfer of funds was Dunkle's intentional act. Therefore, the elements of larceny are not relevant to this case.

9

Case 1:13-ap-00281-MDF    Doc 37    Filed 09/04/14    Entered 09/04/14 15:02:37    Desc
Main Document    Page 9 of 11

received the funds at issue. Accordingly, the Complaint is deficient under *Twombley* and *Iqbal* and, therefore, must be dismissed. However, Couch will be granted leave to amend to allege the required elements, which if proven to be true, would establish embezzlement.

*F. Elements of proof required by §523(a)(6)*

To except a debt from discharge based on a willful injury under § 523(a)(6), a plaintiff must plead and prove that the defendant actually intended to inflict harm on the plaintiff. *Kawaauhau v. Geiger*, 523 U.S. 57, 61(1998)). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id.* at 62. However, an "actor's deliberate act with knowledge that the act is substantially certain to cause injury is sufficient to establish willful intent" for purposes of § 523(a)(6). *In re Quibell*, 2011 WL 380519, at *5 (citing *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1207–08 (9th Cir. 2001); *Conte v. Gautam (In re Conte),* 33 F.3d 303, 305 (3d Cir. 1994) ("An injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result.")

Couch does not allege that Griffith intended to injure Dunkle by spending the funds allegedly entrusted to him or that he spent the funds with the knowledge that dissipating the funds would be substantially certain to injure Dunkle. Accordingly, Count III of the Complaint will be dismissed, with leave to amend.

### III. Conclusion

For the reasons stated above, the motion to dismiss will be granted with leave to amend within twenty-one days. Further leave to amend the Complaint will not be granted. An appropriate Order will be entered.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: September 4, 2014